IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RUSASENE WATSON,** | * |
| **Plaintiff** | * |
| v. | *     Case No.: DLB-21-2889 |
| **GAIL WATTS,** | * |
| **Defendant** | * |

**MEMORANDUM**

Plaintiff Rusasene Watson alleges that correctional officers violated his constitutional rights by enabling other inmates to enter his cell for the purpose of assaulting him and by failing to provide him with necessary medical care after the assault. ECF 1, at 3; ECF 5, at 1–2 (Supp.). He filed suit for damages pursuant to 42 U.S.C. § 1983 against defendant Gail Watts, Director for the Baltimore County Detention Center. Defendant filed a two-page motion to dismiss the complaint, arguing it does not identify any federal claims giving rise to subject matter jurisdiction and that plaintiff "has described a simple assault, which belongs in State Court, not Federal Court." ECF 15. Watson, who is self-represented, argues in opposition that he was stabbed multiple times when other inmates gained access to his cell, which they could not have done without cooperation from correctional officers working in the housing unit, and that officers did not immediately provide him medical care as he lay bleeding in his cell. ECF 17, 18, & 19. He claims this conduct amounts to violations of his constitutional rights. Defendant did not file a reply. No hearing on the motion is necessary. For the reasons stated below, defendant's motion is denied.

**I.      Background**

Watson alleges that on August 29, 2021, at approximately 5:30 or 6:00 p.m., four other inmates entered his cell and assaulted him. ECF 1, at 2. He states they stabbed him above his eye,

which necessitated emergent care at St. Joseph's Hospital in Towson, Maryland. *Id*. Watson alleges that, after the assault, he learned that the assailants were members of the Black Guerilla Family ("BGF") and that "they r[u]n th[e] jail, not the officers." *Id*. Watson also claims he was told that the assailants "were sending more people after [him]." *Id*. at 3.

Watson alleges that correctional officers allowed the assailants in his cell so that they could assault him and then opened his cell door to let the assailants out after the assault. *Id.* The officer who released the assailants left Watson in the cell "bleeding out." *Id.* Ultimately, Watson went to the hospital, and when he returned, he went to a friend's cell instead of his own because he feared that correctional officers would help his assailants attack him again. *Id.* Watson was discovered in the wrong cell, given an infraction, and forced to serve his segregation sentence in the same housing unit as the men who assaulted him. *Id*. He claims he was harassed every day while on segregation. *Id*.

On September 21, 2021, Watson was returned to general population where two of his assailants were housed. *Id.* at 4. The following evening, he heard through the vent in his cell that there was another plan to assault him. *Id*. at 5. Three inmates then motioned for a correctional officer to open Watson's cell door, and after the door was opened, Watson asked them what they wanted. *Id.* He claims they told him to leave the housing area or they would make him leave. *Id*. Because he believed other inmates were "out to kill [him]," Watson "signed on to protective custody." *Id*.

## II.     Standard of Review

Defendant moves to dismiss the complaint under "Rule 12" because the Court "lacks jurisdiction over the matter." ECF 15, at 2. "A motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) raises the question of whether the Court has the competence

or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "Federal courts are courts of limited jurisdiction[,]" possessing "only that power authorized by Constitution and statute." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The plaintiff, as the party asserting jurisdiction, bears the burden of establishing it. *Id.* Where, as here, defendants contest subject matter jurisdiction "by contending that, even assuming that the allegations are true, the complaint fails to set forth facts upon which jurisdiction is proper"—a facial challenge to jurisdiction—the plaintiff "is afforded the same procedural protections as he would receive under a Rule 12(b)(6) consideration[.]" *Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)) (internal quotation marks omitted). Dismissal for lack of subject matter jurisdiction is proper "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799 (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

**III.   Discussion**

The complaint alleges conduct that, if proven, amounts to a violation of Watson's Eighth or Fourteenth Amendment rights, depending upon whether Watson was a pre-trial detainee at the time of the assault. "The Eighth Amendment protects prisoners from 'unnecessary and wanton infliction of pain.'" *Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of . . . inmates." *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 319–20 (1986)). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The protections afforded

convicted prisoners under the Eighth Amendment extend to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44 (1983)). Accordingly, the deliberate indifference standard applies "where prison officials are accused of deliberate indifference to a substantial risk of serious harm to prison inmates" or pretrial detainees. *See Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (citing *Young*, 238 F.3d at 575). To prevail on a claim for failure to protect from attack by another inmate or detainee, a plaintiff must show that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety; the official must both [have been] aware of the facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] drawn the inference." *Farmer v. Brennan*, 511 U.S. 825, 834, 837–38 (1994); *see also Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 97–98 (4th Cir. 2017).

Under the Eight Amendment, the government also must "provide medical care for those whom it is punishing by incarceration." *Estelle*, 429 U.S. at 103. Any "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). This Eighth Amendment protection also extends to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *Young*, 238 F.3d at 575. Therefore, "deliberate indifference to the serious medical needs of a pretrial detainee violates the Due Process Clause." *Id.*; *see also County of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998) (concluding that, because "deliberately indifferent conduct" is sufficient for liability under the Eighth Amendment, it "must also be enough to satisfy the fault requirement for due process claims based on the medical needs of someone jailed while awaiting trial"). To prevail on a claim based on the alleged denial

4

of medical care, a plaintiff must establish that defendants' actions or their failure to act amounted to "deliberate indifference to serious medical needs." *See Estelle*, 429 U.S. at 106; *see also Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017).

Here, Watson claims that correctional officers knowingly allowed inmates into his cell so that the inmates could assault him and that the officers opened his cell door to allow the inmates to leave the cell after the assault. He also claims that the officers knew about his injuries but did not provide medical care until the next day. Although Watson has been unable to name the correctional officers on duty at the time his cell door was opened, he plainly alleges constitutional violations over which the Court has jurisdiction. Therefore, defendant's motion to dismiss is denied.

## IV.     Conclusion

Watson has alleged constitutional violations over which the Court has subject matter jurisdiction. His claims may proceed. Watson states that video surveillance of the incident has been destroyed and the names of the officers in charge of opening and closing the cell doors have not been provided to him. ECF 17, at 2; ECF 18, at 2. He states that, to proceed on his claims, he needs documents from the defendant that identify the officers on duty at the time of the assault. ECF 1, at 6. Watson also requests appointment of counsel. ECF 9. The Court agrees that Watson should be appointed counsel to represent him in this case through discovery and, if necessary, trial.

By separate Order which follows, defendant's Motion to Dismiss is DENIED and Watson's Motion to Appoint Counsel is GRANTED.

 May 10, 2022  
Date

Deborah L. Boardman  
United States District Judge