IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RUSASENE WATSON<br>ID# 0000436708<br>720 Bosley Ave.<br>Towson, MD 21204,<br><br>          Plaintiff,<br><br>v.<br><br>BALTIMORE COUNTY<br><s>DEPARTMENT OF CORRECTIONS</s><br><s>720 Bosley Ave.</s><br><s>Towson</s>, <s>MD 21204</s>MARYLAND<br><br>     Serve on:<br>       James R. Benjamin, Jr.<br>       Baltimore County Attorney<br>       Baltimore County Office of the Law<br>       400 Washington Avenue<br>       Towson, Maryland, 21204<br><br>GAIL WATTS<br>DIRECTOR/WARDEN<br>720 Bosley Ave.<br>Towson, MD 21204<br><br>     Serve on:<br>       James R. Benjamin, Jr.<br>       Baltimore County Attorney<br>       Baltimore County Office of the Law<br>       400 Washington Avenue<br>       Towson, Maryland, 21204<br><br>JOHN AND JANE DOE OFFICERS<br>720 Bosley Ave.<br>Towson, MD 21204<br><br>     Serve on:<br>       James R. Benjamin, Jr.<br>       Baltimore County Attorney<br>       Baltimore County Office of the Law<br>       400 Washington Avenue<br>       Towson, Maryland, 21204<br><br>     Defendants. | *<br><br>*<br><br>*<br><br>*       Civil Action No.: 1:21-CV-02889-DLB<br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S ~~FIRST~~SECOND AMENDED COMPLAINT
## AND PRAYER FOR JURY TRIAL

Plaintiff, Rusasene Watson ("**Plaintiff**"), through undersigned counsel and pursuant ot Federal Rule 15 (a)(2),[1] submits this First Amended Complaint against Defendants, Baltimore County Department of Corrects, Gail Watts, and John and Jane Doe Officers (collectively, the "**Defendants**"), and states:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over Plaintiff's claims of violation of his United States Constitutional rights under 42 U.S.C. § 1331(1) and 42 U.S.C. § 1343.

2. Plaintiff is filing this civil rights action under 42 U.S.C. § 1983.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the events that gave rise to this Complaint occurred in the State of Maryland.

## PARTIES

5. Plaintiff is an incarcerated adult at the Baltimore County Detention Center in Towson, Maryland (the "~~Detention Center~~**BCDC**").

6. Defendant Baltimore County ~~Department of Corrections ("**BCDC**")~~, Maryland is responsible for the operation of the ~~Detention Center~~BCDC.

---

[1] On August 8, 2022, counsel for Defendant notified counsel for Plaintiff of the proper party name and consented to this Amendment.

7. Defendant Gail Watts is the Director of BCDC who is responsible for the conduct of correctional officers and other employees ~~of the Detention Center~~.

8. Upon information and belief, Defendant(s), John and Jane Doe Officers, were at all relevant times employed by the State of Maryland, Baltimore County, Maryland, and/or <ins>the</ins> BCDC as correctional officers ~~at the Detention Center~~. The identities and addresses of any police and/or correctional officer are unknown to Plaintiff at this time. Plaintiff will issue written discovery requests to ascertain the identities of these unknown officers and amend this complaint accordingly.

9. Upon further information and belief, Defendant(s), John and Jane Doe Officers, were at all relevant times acting within the course and scope of their employment with Defendant BCDC as police and/or correctional officers.

## FACTUAL ALLEGATIONS

10. On or about August 28, 2021, Plaintiff was housed in cell 20, section 3D of the ~~Detention Center~~<ins>BCDC</ins>.

11. On that evening, at approximately 5:30 p.m., four men entered cell 20 and violently assaulted Plaintiff.

12. Upon information and belief, a BCDC Correctional Officer, a Defendant John or Jane Doe Officer, deliberately and intentionally unlocked Plaintiff's cell specifically to allow the perpetrators inside to attack Plaintiff. Upon information and believe, at the time the Officer permitted the assailants to enter Plaintiff's cell, he knew full well that these inmates intended to physically assault Plaintiff.

13. As a result of the brutal assault, Plaintiff suffered severe injuries to his body, most prominently to his head and neck, including two black eyes, a swollen jaw, and a knife (or other sharp object) wound on his face which required stiches and will leave a scar.

14. When the perpetrators ceased attacking Plaintiff, Plaintiff again saw a Defendant John or Jane Doe Officer, unlock his cell to allow the perpetrators to exit the cell. During this time, Plaintiff remained on the floor of cell 20, in pain and bleeding profusely from his injuries, while the officer unlocked the cell.

15. Despite Plaintiff's clearly visible injuries, the officer did nothing to assist Plaintiff, nor did he detain, restrain, or even admonish the perpetrators in any way.

16. Indeed, upon information and belief, Defendant John and Jane Doe Officer(s) intentionally and deliberately assisted the perpetrators in carrying out the assault by allowing them unfettered access to Plaintiff's cell and allowing them to escape the cell afterward without incident.

17. Despite being clearly observed by Defendant John or Jane Doe Officer, Plaintiff did not receive medical treatment until the following day at approximately 10:00 a.m., following a shift change, at which time he was transported to St. Joseph's Medical Center in Towson.

18. Since the attack, Plaintiff has lived in constant fear of not only his fellow inmates, but also BCDC's officers– any one of whom could be the officer who aided and abetted the violent assault on August 28, 2021.

**COUNT 1 - 42 U.S.C. § 1983**
**Cruel and Unusual Punishment; Deliberate Indifference**
**(Against all Defendants)**

19. Plaintiff incorporates herein the averments of paragraphs 1–18 as if each such averment was set forth in full in this Count.

20.     Plaintiff is entitled to protection from cruel and unusual punishment by the Eighth Amendment of the United States Constitution. The Eighth Amendment's prohibition of cruel and unusual punishment places reasonable restraints on the actions and inactions by prison officials, police, and correctional officers.

21.     Defendant John and/or Jane Doe Officer(s) in fact intentionally allowed Plaintiff's fellow inmates to carry out the assault by unlocking Plaintiff's cell. Defendant John and/or Jane Doe Officer(s) acted with intent to directly harm Plaintiff or with reckless disregard for Plaintiff's life.

22.     At a minimum, Defendants acted with deliberate indifference.

23.     Defendant John and/or Jane Doe Officer(s) acted under color of law in unlocking Plaintiff's cell on the night of the assault, and only had access to Plaintiff's cell due to their official position as Baltimore County Correctional Officers.

24.     The attack on Plaintiff was inconsistent with contemporary standards of decency and was repugnant to the consciousness of mankind.

25.     The attack on Plaintiff was malicious, performed for the purpose of causing harm to Plaintiff, and did not serve a legitimate purpose.

26.     A corrections officer providing inmates access to another inmate's cell for the stated purpose of violently attacking another inmate amounts to cruel and unusual punishment for which Plaintiff is entitled to compensation for the extensive physical and mental trauma and damage he suffered as a direct and proximate result of Defendants' actions and inactions.

WHEREFORE, Plaintiff, Rusasene Watson, respectfully requests that this Honorable Court enter judgment against Defendants, Baltimore County Department of Corrects, Gail Watts, and John and/or Jane Doe Officer(s), jointly and severally, award compensatory and punitive

damages in excess of $75,000, the costs of this action, reasonable attorneys' fees pursuant to 42 U.S.C. 1988(b), and such other further relief as this Honorable Court deems just and proper.

### COUNT 2 - 42 U.S.C. § 1983
### Failure to Protect
### (Against all Defendants)

27. Plaintiff incorporates herein the averments of paragraphs 1–25 as if each such averment was set forth in full in this Count.

28. The Eighth Amendment's prohibition on cruel and unusual punishment imposes certain basic duties on officers and prison officials. Those duties include maintaining humane conditions of confinement, including the provision of adequate medical care and reasonable measures to guarantee the safety of the inmates.

29. It would seem obvious that providing the opportunity and allowing a group of inmates to assault another inmate breaches this duty to protect inmates.

30. On Defendants' watch, Plaintiff was brutally assaulted by the perpetrators in his cell while no BCDC Correctional Officers attempted to stop the assault on Plaintiff, even though they certainly had the ability to intervene to prevent the attack. This failure amounted to malicious, deliberate indifference to Plaintiff's health and safety. At a minimum, Defendants acted with deliberate indifference.

31. Even worse, shockingly, Defendant John and/or Jane Doe Officer(s) in fact intentionally provided Plaintiff's fellow inmates access to Plaintiffs locked cell for the sole specific purpose of physically attacking Plaintiff. Defendant John and/or Jane Doe Officer(s) acted with intent to directly harm Plaintiff or with reckless disregard for Plaintiff's life.

32. Defendant John and Jane Doe Officer(s) acted under color of law in unlocking Plaintiff's cell on the night of the assault, and only had access to Plaintiff's cell due to their official position as Baltimore County Correctional Officers.

33. The attack on Plaintiff posed a substantial risk of harm to Plaintiff and all individuals present.

34. Defendants not only failed to intervene to stop or mitigate the attack, Defendants actually aided and abetted the attackers by providing them access to Plaintiff in his cell.

35. Moreover, Baltimore County's and BCDC's agents failed to provide necessary and meaningful treatment of Plaintiff's injuries until the next day. Even though Defendant John and/or Jane Doe Officer(s) entered Plaintiff's cell moments after the attack and observed Plaintiff's obvious injuries.

36. Plaintiff was made to suffer overnight with his injuries until he was permitted to see medical personnel who made the decision to transport him to St. Joseph's Hospital where he received treatment for his injuries.

Wherefore, Plaintiff Rusasene Watson respectfully requests that this Honorable Court enter judgment against Defendants, Baltimore County Department of Corrects, Gail Watts, and John and/or Jane Doe Officer(s), jointly and severally, award compensatory and punitive damages in excess of $75,000, the costs of this action, reasonable attorneys' fees pursuant to 42 U.S.C. 1988(b), and such other further relief as this Honorable Court deems just and proper.

### COUNT 3 - Aiding and Abetting Assault and Battery
**(Against all Defendants)**

37. Plaintiff incorporates herein the averments of paragraphs 1–35 as if each such averment was set forth in full in this Count.

38. On the night of the attack, several fellow inmates were allowed into Plaintiff's locked cell by Defendant John and/or Jane Doe Officer(s), and, cornered and alone in his cell, Plaintiff was made to imminently fear for his life.

39. The perpetrators acted with clear intent to cause serious harm to Plaintiff, and in fact did cause serious physical harm to Plaintiff. Plaintiff was repeatedly beaten and even stabbed by the perpetrators for several minutes after they entered the cell.

40. As a result of the brutal assault, Plaintiff suffered severe injuries to his body, most prominently to his head and neck, including two black eyes, a swollen jaw, and a serious laceration to his face.

41. Defendant John and Jane Doe Officer(s) had actual knowledge of the tortious, wrongful, and indeed criminal, intent of the perpetrators when they intentionally provided Plaintiff's fellow inmates access to Plaintiffs locked cell for the sole specific purpose of physically attacking Plaintiff with a deadly weapon.

42. Defendant John and Jane Doe Officer(s) aided, abetted, and encouraged the perpetrators' wrongful and tortious conduct and knowingly provided critical assistance in the commission of such conduct by providing access to Plaintiff's cell.

43. As a result of Defendants' conduct in aiding the violent attack, Plaintiff suffered significant physical injury as well as substantial fear, and physically manifested mental anguish, including by way of example, loss of sleep.

Wherefore, Plaintiff Rusasene Watson respectfully requests that this Honorable Court enter judgment against Defendants, Baltimore County Department of Corrects, Gail Watts, and John and/or Jane Doe Officer(s), jointly and severally, award compensatory and punitive damages

in excess of $75,000, the costs of this action, reasonable attorneys' fees pursuant to 42 U.S.C. 1988(b), and such other further relief as this Honorable Court deems just and proper.

### COUNT 4 - Civil Conspiracy
**(Against all Defendants)**

44. Plaintiff incorporates herein the averments of paragraphs 1–42 as if each such averment was set forth in full in this Count.

45. Defendants John and/or Jane Doe Officer(s) entered into an agreement with the perpetrators to enter Plaintiff's cell and deliberately and intentionally cause serious bodily injury to Plaintiff

46. Defendant John and Jane Doe Officer(s) had actual knowledge of the tortious and wrongful intent of the perpetrators when they intentionally provided Plaintiff's fellow inmates access to Plaintiffs locked cell for the sole specific purpose of physically attacking Plaintiff.

47. Defendant John and Jane Doe Officer(s) overtly acted in furtherance of their agreement with the perpetrators by providing access to Plaintiff's cell for purposes of carrying out the attack.

48. As a result of Defendants' conspiracy, Plaintiff suffered significant physical injury, particularly to his head, face, and neck, as well as substantial fear and mental anguish.

Wherefore, Plaintiff Rusasene Watson respectfully requests that this Honorable Court enter judgment against Defendants, Baltimore County Department of Corrects, Gail Watts, and John and/or Jane Doe Officer(s), jointly and severally, and award compensatory and punitive damages in excess of $75,000, the costs of this action, reasonable attorneys' fees pursuant to 42 U.S.C. 1988(b), and such other further relief as this Honorable Court deems just and proper.

### COUNT 5 - Negligence
**(Against all Defendants)**

49. Plaintiff incorporates herein the averments of paragraphs 1–47 as if each such averment was set forth in full in this Count.

50. Defendants had a duty of care to all inmates to ensure that inmates are kept safe and free from injury.

51. Defendants breached their duty of care by failing to appropriately supervise and monitor Plaintiff's cell and keep unauthorized persons from entering Plaintiff's cell.

52. Defendants breached their duty of care by failing to appropriately supervise other inmates and keep them from violently assaulting Plaintiff.

53. As a direct and proximate result of Defendants' breach, other inmates were able to enter Plaintiff's cell and inflict significant physical injuries upon Plaintiff.

54. As a direct and proximate result of Defendants' actions, Plaintiff suffered significant physical injuries, particularly to his head, face, and neck, as well as continuing substantial fear and mental anguish.

Wherefore, Plaintiff Rusasene Watson respectfully requests that this Honorable Court enter judgment against Defendants, Baltimore County Department of Corrects, Gail Watts, and John and/or Jane Doe Officer(s), jointly and severally, and award compensatory and punitive damages in excess of $75,000, the costs of this action, reasonable attorneys' fees pursuant to 42 U.S.C. 1988(b), and such other further relief as this Honorable Court deems just and proper.

## PRAYER FOR JURY TRIAL

Plaintiff, by and through the undersigned counsel, prays a jury trial on all counts asserted in the First Amended Complaint.

Dated: _____, 2022

Respectfully submitted,

                        Brian M. Boyle (Federal Bar No. 28242)
                        Kathryn D. Jackson (Federal Bar No. 21229)
                        **NEUBERGER QUINN GIELEN RUBIN & GIBBER, P.A.**
                        One South Street, 27th Floor
                        Baltimore, Maryland 21202
                        Telephone:    (410) 332-8541
                        Facsimile:     (410) 332-8543
                        bmb@nqgrg.com
                        kdj@nqgrg.com

                        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this _____ day of July 2022, a copy of the foregoing was served by ECF to:

        James S Ruckle , Jr.
        Baltimore County Office of Law
        400 Washington Ave
        Towson, MD 21204

        Email: jruckle@baltimorecountymd.gov

                        Brian M. Boyle (Federal Bar No. 28242)
                        Kathryn D. Jackson (Federal Bar No. 21229)